# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:07CV243-C

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) **MEMORANDUM AND ORDER**<br>) |
| ELIZABETH F. MOATS and ANNA RACHEL STAUFFER, | )<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER** is before the Court on the "Defendants' Motion to Compel Discovery" (document #17) filed February 26, 2008. The Plaintiff filed its ". . . Response . . ." (document #21) March 18, 2008. On March 31, 2008, the Defendants filed their ". . . Reply . . ." (document #22).

In addition, the Plaintiff filed a "Request for Oral Argument" (document #23) April 10, 2008. Also on April 10, 2008, the parties filed a "Joint Motion to Extend Discovery Period and Motions Deadline" (document #24).

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and the subject Motion is now ripe for determination.

Having carefully considered the parties' arguments, the record, and the applicable authority, the undersigned will <u>grant in part</u> and <u>deny in part</u> the "Defendants' Motion to Compel Discovery," as discussed below.

## I. FACTUAL AND PROCEDURAL HISTORY

This is a declaratory judgment action seeking recision of a life insurance policy due to alleged

material misrepresentations and fraudulent inducement.

The Plaintiff issued a $500,000 life insurance policy to Donald C. Taylor on June 22, 2006. The Defendants are the beneficiaries of the policy. On January 1, 2007, Mr. Taylor died in an automobile accident near Sylva, North Carolina. The Plaintiff has denied the Defendants' demand for benefits alleging that Mr. Taylor's fraudulent misrepresentation of his income and net worth on his application for life insurance induced the Defendant to issue a $500,000 policy that it would not have otherwise issued.[1]

Mr. Taylor had allegedly made all payments due on his policy at the time of his death, but because his death occurred within two years of the policy issue date, the Plaintiff had the right to review the information given by Mr. Taylor in his application. Mr. Taylor represented that he had a personal income of $60,000, which upon investigation after his death was allegedly determined to be approximately $20,000. He also represented that his net worth was approximately $100,000, and the Plaintiff alleges that its investigation uncovered "little or no net worth" for Mr. Taylor. In addition, he represented his annual household income to be $95,000, although the Plaintiff has not presently taken issue with this amount. In any event, the Plaintiff avers that it would not have issued a policy in this amount if Mr. Taylor had truthfully disclosed the subject financial information.

The Defendants have filed two counterclaims against the Plaintiff – a declaratory judgment that the policy was valid, and a breach of contract claim.

The subject dispute revolves around the following discovery requests:

---

[1] Mr. Taylor had an additional $500,000 life insurance policy in force with the Plaintiff which is not in dispute.

## Interrogatory #4

Identify each life insurance policy Plaintiff has issued in the past ten years in the amount of at least $500,000 for which the applicant identified in the application for such life insurance policy personal income of no more than $60,000, household income of no more than $95,000 or a net worth of no more than $100,000.

## Document Request #12

All documents constituting, interpreting, mentioning or relating in any way to each of the policies identified in response to interrogatory no. 4 above, including but not limited to the policy, the application for such policy, your complete underwriting file for such policy, your complete claims file for such policy, and any other documents generated or received in connection with such policy.

## Document Request #14

All documents constituting, interpreting, mentioning or relating in any way to any exceptions made by Plaintiff to Plaintiff's rules, policies or practices concerning the minimum amount of personal income, household income, or net worth that Plaintiff requires of an applicant as a condition of Plaintiff's issuance of a life insurance policy insuring the applicant's life, including but not limited to all documents relating to any policies issued by Plaintiff in which Plaintiff's underwriting standards relating to personal income, household income or net worth were not met.

Originally, the Plaintiff objected to the subject interrogatories and requests, refusing to provide any responsive information or documents, but after discussion between the parties ultimately provided the underwriting guidelines in place when Mr. Taylor's policy was issued. The Plaintiff continues to object to providing insurance policies, or materials related to such policies, issued to individuals who failed to meet the financial criteria in its underwriting guidelines. The Plaintiff states that this request is unduly burdensome because its "computer records are not organized in a manner that would allow it to readily retrieve information concerning policies that were issued to individuals with financial circumstances similar to Mr. Taylor's." The Plaintiff estimates that to review each potentially relevant file it would have to expend 480,446 man hours, an estimated

$3,200,000, and an additional $11,000,000 to respond to Request No. 14 which seeks "exceptions" made by the Plaintiff in any policy ever issued – not just those policies similar to Mr. Taylor's. Additionally, the Plaintiff argues that the Defendants could seek discovery of these matters by deposing a representative of the company regarding the underwriting procedures.

In their Reply, responding to the alleged burden of production, the Defendants have agreed to limit their discovery requests as follows: (1) all of the requests will be limited to responsive materials generated on or after January 1, 2004; (2) the "exceptions" in Request No. 14 are limited to those that resulted in issuing to an insured total in-force life insurance of $1 million or more; and (3) to eliminate redaction and confidentiality concerns, they propose a protective order to maintain the confidentiality of the information.

## II. <u>DISCUSSION</u>

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides generally that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. *For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).*

Fed. R. Civ. P. 26(b)(1) (emphasis in original). The rules of discovery are to be accorded broad and liberal construction. <u>See</u> <u>Herbert v. Lando</u>, 441 U.S. 153, 177 (1979); <u>and</u> <u>Hickman v. Taylor</u>, 329 U.S. 495, 507 (1947).

Whether to grant or deny a motion to compel is generally left within the district court's broad discretion. <u>See, e.g.</u>, <u>Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.</u>, 43 F.3d 922, 929

(4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting district court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

The Defendants seek information and documents regarding insurance policies issued to individuals who, like the subject insured, failed to meet the Plaintiff's own underwriting guidelines, hoping no doubt to discover evidence which would tend to establish that the Plaintiff would have issued the policy even if it had known Mr. Taylor's true financial condition, that is, to establish that the alleged misrepresentations were not material to the Plaintiff's decision to issue the policy.

"It is a basic principle of insurance law that the insurer may avoid his obligation under the insurance contract by a showing that the insured made representations in his application that were material and false." Bell v. Nationwide Ins. Co., 146 N.C. App. 725, 726, 554 S.E.2d 399, 401 (2001) (emphasis added). "A representation in a life insurance application is deemed material if the knowledge or ignorance of it would naturally influence the judgment of the insurer in making the contract and accepting the risk." Willetts v. Integon Life Ins. Corp., 45 N.C. App. 424, 428-29, 263 S.E.2d 300, 304 (1980) (citations omitted).

On the other hand, even if the discovery sought is relevant and material the Court cannot overlook the significant burden and expense which producing the subject information and documents would impose on the Plaintiff. Rather, when considering opposition to production based on burden and expense, Rule 26(b)(2)(C)(iii) requires the Court to determine whether "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the

importance of the discovery in resolving the issues." See also Anker v. G.D. Searle & Co., 126 F.R.D. 515, 518 (M.D.N.C. 1989) (describing the balancing test in a motion to compel as "weigh[ing] the need for discovery by the requesting party and the relevance of the discovery to the case against the harm, prejudice or burden to the other party") (citations omitted).

Considering the burden of production against the importance of this discovery in resolving the subject motion, it is apparent that both parties' positions must be compromised. Although the information sought is unquestionably relevant, the burden and expense, as detailed in the Plaintiff's Response in Opposition, is significant. Therefore, the Court will order production of information regarding policies issued between January 1, 2004 and December 31, 2007, as set forth in the "Order" section below, but deny at this time the Defendants' Requests for documents, albeit without prejudice to renew narrower requests based on information from the Plaintiff's response to Interrogatory #4 or otherwise gleaned through interim discovery.

Finally, the Plaintiff also argues that the subject Motion should be denied because even if it had a custom of ignoring its underwriting guidelines in issuing policies, custom cannot contradict the express terms of a contract. See Lamborn v. Woodard, 20 F.2d 635, 637 (4th Cir. 1927) ("it is uniformly held that custom will be only considered where there is ambiguity in the contract for the purpose of explaining the same, but never for the purposes of making a contract or contradicting the express terms of the writing"). The Plaintiff specifically points to language in Mr. Taylor's insurance application to the effect that all statements therein are true and complete and that any misrepresentations within it relied upon by the Plaintiff may be used to deny a claim or void the Policy if the misrepresentation materially affects the acceptance of the risk. Contrary to the Plaintiff's current argument, however, the express language on the application only applies to

6

misrepresentations which <u>materially</u> affect the acceptance of the risk.

### III.  ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. The "Defendants' Motion to Compel Discovery" (document #17) is **GRANTED IN PART** and **DENIED IN PART**, that is, the Plaintiff shall provide the following information in response to Interrogatory #4 within sixty (60) days of this Order.

   a. Identifying policies (by number, to protect confidentiality, if the Plaintiff wishes), a list of every life insurance policy issued between January 1, 2004 and December 31, 2007 in the amount of $500,000 or more where the applicant identified his or her income as less than $60,000, household income as less than $95,000, or net worth as less than $100,000.

   b. For each policy identified above the Plaintiff shall provide the amount of the policy, and the personal income, household income, and net worth stated in the application.

   c. For any policy identified above that the Plaintiff deems to be a deviation from or exception to its standard underwriting practice(s) or standard(s), the reason or reasons for the deviation or exception in issuing that policy.

2. The Defendants' Document Requests 12 and 14 are **DENIED** at this time, albeit without prejudice to renew more narrowly drawn requests based on information gathered from the Plaintiff's response to Interrogatory #4 or otherwise gleaned from interim discovery.

3. The parties' "Joint Motion to Extend Discovery Period and Motions Deadline" (document #24) is **GRANTED**. The Pretrial Order and Case Management Plan is amended as follows: (1) discovery shall be completed no later than **July 28, 2008**; and (2) all motions except motions in

limine and motions to continue shall be filed no later than **August 29, 2008**.  All other deadlines established in the Pretrial Order and Case Management Plan, including the trial date, shall remain the same.

    4.  The Plaintiff's "Request for Oral Argument" (document #23) is **DENIED**.

    5.  The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties; <u>and to the Honorable Robert J. Conrad, Jr.</u>

    **SO ORDERED.**

Signed: April 11, 2008

Carl Horn, III
United States Magistrate Judge